IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHANNEL WALL, as Administratrix** : | |
| **for the Estate of THOMAS WALL,** : | Civil Action No. 1:04-CV-238 |
| : | |
| **Plaintiff** : | (Judge Kane) |
| : | |
| **v.** : | |
| : | |
| **J.R. LOTWICK,** : | |
| **Dauphin County Sheriff,** : | |
| : | |
| **Defendant** : | |

## MEMORANDUM

Pending before the Court is Defendant Sheriff Lotwick's motion in limine seeking to exclude certain testimony and evidence at trial. (Doc. No. 50.) Plaintiff filed a timely brief in opposition and the motion is now ripe for disposition. For the reasons that follow, the motion will be granted in part and the Court will defer ruling on a portion of the motion pending pre-trial conference on May 25, 2006.

**I.   Introduction**

Although at one time there were a number of claims and defendants in this civil rights action, following this Court's Order dated January 5, 2006 (Doc. No. 47), there remains but one defendant and one claim. In sum, Plaintiff claims that Defendant Lotwick, the Dauphin County Sheriff, violated her decedent-son's due process rights by delaying nearly 2 months in bringing Thomas Wall from Philadelphia to Dauphin County pursuant to a capias that had been issued for

his arrest. All of Plaintiff's other claims and originally-named defendants have been dismissed.[1]

## II. Discussion

Defendant anticipates that Plaintiff may attempt to present testimony, evidence, as well as make opening and closing statements that make reference to the dismissed claims in this and prior litigation and the fact that Plaintiff's decedent died while in the Dauphin County Prison. Defendant asserts that any statement or evidence relating to these claims or the fact of Plaintiff's decedent's death are not legally or logically relevant to the remaining claim and defenses thereto and must be precluded as a matter of law. Alternatively, Defendant argues that even if the Court concludes that such evidence or statements are relevant, the probative value of such evidence or statements is substantially outweighed by the unfair prejudice to Defendant's rights and the risk that the jury may be mislead. Finally, Defendant asserts that Plaintiff failed to produce any information or documentation that would substantiate claims to economic damages, and Defendant therefore seeks to prevent Plaintiff from introducing any evidence or making any statements regarding economic damages at trial.

In response, Plaintiff appears to agree that evidence of Thomas Wall's death while in Dauphin County Prison on August 6, 2001 or any suggestion that Mr. Wall's death was caused by Dauphin County employees not party to this action would be irrelevant and prejudicial.

---

[1] The dismissed claims include the following: Plaintiff's allegation that her decedent's arrest was made in violation of the Fourth Amendment; a Fourteenth Amendment due process claim relating to Plaintiff's decedent's detention at Dauphin County Prison from July 23, 2001 until his death on August 6, 2001; and a claim relating to the fact that Plaintiff's decedent died in the custody of Dauphin County Prison on August 6, 2001. All claims against Dauphin County and against Deputy Sheriffs Bob Mylnek and Tom Wong have been dismissed with prejudice. Additionally, Plaintiff's prior litigation against Dauphin County and other defendants relating to her decedent's death at Dauphin County Prison was dismissed on summary judgment. (See Civil Action No. 1:02-CV-2369 (M.D. Pa.), Doc. No. 60.)

However, Plaintiff contends that "the fact that Mr. Wall died on August 6, 2001 and is therefore not available to testify at trial is highly material to Plaintiff's case.  There would of course be no evidence that Plaintiff claims that Mr. Wall's death was caused by Defendant or anyone at Dauphin County."  (Doc. No. 56, at 8-9.)  Although the Court agrees with Defendant that the fact of Mr. Wall's death on August 6, 2001 does not prejudice Defendant Lotwick and further agrees with Plaintiff that the fact of Thomas Wall's death is a fact of which the jury should be made aware, the Court will not permit Plaintiff to introduce evidence or make any statements regarding the fact that Plaintiff's decedent died in Dauphin County Prison, nor statements and evidence regarding the prior litigation, as such evidence or statements would be irrelevant to the remaining claim and could potentially be prejudicial to Defendant Lotwick and misleading to the jury.

Defendant next argues that Plaintiff should be precluded from introducing evidence regarding economic damages sustained during the period between the decedent's arrest in Philadelphia on June 2, 2001 and the date of his eventual transfer to Dauphin County Prison on July 23, 2001.  In support of this argument, Defendant maintains that Plaintiff failed to produce any documentation establishing that the decedent was employed at the time of his arrest, nor has Plaintiff produced any pay stubs or other documents that could be used to calculate a claim for lost wages.  In response, Plaintiff asserts that counsel for Defendant and Plaintiff held a conference in 2004 during which the attorneys agreed to allow the use of documents produced during the discovery in a prior related case, and this understanding was noted in Section 4.201 of the Joint Case Management Plan submitted to the Court.  (Doc. No. 14.)

The Court has reviewed the exhibits Plaintiff has attached to her brief in opposition and does not find any documentary evidence relating to the decedent's employment at the time of his

arrest on June 3, 2001.  Additionally, Section 4.201 of the Case Management Plan states only that "Plaintiff produced various documents in discovery during the prior civil action."  (Doc. No. Id. at 8.)[2]  The Court cannot find, based upon this limited showing, that Plaintiff produced evidence demonstrating the decedent's employment and wages at the time of his arrest in this litigation or the prior action.  Accordingly, if Plaintiff did not, in fact, ever produce to Defendant any documents or other evidence demonstrating the decedent's employment and wages at the time of the arrest, the Court will preclude Plaintiff from introducing such evidence at the time of trial.  The Court notes, however, that Plaintiff's counsel has maintained steadfastly that he did produce such documents in connection with previous litigation, and that such documents should be in the possession of Defendant's counsel.  The Court will defer ruling on this aspect of the motion in limine until the pre-trial conference with the Court on May 25, 2006.  Meanwhile, the parties are instructed to be prepared to answer definitively at this conference whether Plaintiff has ever produced documents or other evidence regarding the decedent's employment and wages at the time of his arrest in Philadelphia on June 2, 2001.

      An appropriate Order follows this memorandum.

---

[2]     The Court notes that Section 4.200 of the Case Management Plan provides as follows: "Separately, for each party, describe by <u>categories</u> the documents that have been disclosed or produced through formal discovery, indicating which categories relate (even if not exclusively) to damages[.]"  (Doc. No. 14, at 8) (original emphasis).  In response, Plaintiff states only that she "produced various documents in discovery during the prior civil action."  (Id.)

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**CHANNEL WALL, as Administratrix** :
**for the Estate of THOMAS WALL,** :        Civil Action No. 1:04-CV-238
                                     :
**Plaintiff** :        (Judge Kane)
                                     :
**v.** :
                                     :
**J.R. LOTWICK,** :
**Dauphin County Sheriff,** :
                                     :
**Defendant** :

## ORDER

**AND NOW**, this 23rd day of May 2006, for the reasons set forth in the within memorandum, **IT IS HEREBY ORDERED THAT** Defendant Lotwick's Motion in Limine (Doc. No. 50) is **GRANTED** in part as follows:

1. Plaintiff shall be precluded from introducing at trial evidence, testimony, or statements regarding her dismissed claims alleged in the prior related case, captioned Wall v. Dauphin County, et al., No. 1:02-CV-2369. Additionally, Plaintiff shall be precluded from introducing at trial evidence, testimony, or statements regarding the fact that Thomas Wall died while in the custody of Dauphin County Prison. Plaintiff shall be permitted to introduce through evidence or stipulation the fact that Thomas Wall died on August 6, 2001.

2. The Court will defer ruling on Defendant's request to preclude Plaintiff from introducing evidence of economic damages relating to the period between June 3, 2001 and July 23, 2001 pending the pre-trial conference with the parties scheduled for May 25, 2006.

                                             S/ Yvette Kane
                                             Yvette Kane
                                             United States District Judge